UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAVIN CROSSBOWS, LLC, | Case No. 2:21-cv-02213-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| HUNTER'S MANUFACTURING COMPANY, INC. d/b/a TENPOINT CROSSBOW TECHNOLOGIES, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Defer Deadline for Responsive Pleading (ECF No. 19). The Court has considered the Motion, the Opposition (ECF No. 22), and the Reply (ECF No. 25).

Plaintiff and Defendant are competitors in the crossbow market. Plaintiff brought its claim for patent infringement alleging Defendant is making, importing, and selling models of its crossbows that infringe on Plaintiff's patented designs. Following the filing of the Complaint, Defendant filed a Motion to Transfer Venue and the instant Motion seeking to effectively stay the due date for its responsive pleading to Plaintiff's Complaint until its Motion to Transfer Venue is decided by the Court.

The Motion to Transfer Venue is brought under 28 U.S.C. § 1404(a). Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Defendant argues that requiring a responsive pleading is inefficient because it will trigger discovery obligations that may differ in the district to which it seeks to move the case. Plaintiff responds arguing that a motion filed under 28 U.S.C. § 1404(a) does not automatically stay proceedings and that a stay in this case will not promote efficiency or fairness. Plaintiff states Defendant provides no analysis of differences to which it will be subjected under local rules if the case is ultimately transferred to the Northern District of Ohio,

the location Defendant seeks.  Plaintiff also argues that a stay is prejudicial because the parties are competitors in the crossbow market.

"[A] motion to transfer venue under 28 U.S.C. § 1404(a) does not stay the time to file a responsive pleading." *Buchannon v. Associated Credit Services, Inc.*, Case No. 3:20-cv-02245-BEN-LL, 2021 WL 5360971, at *5 (S. D. Cal. Nov. 17, 2021) *citing Mgmt. Registry, Inc. v. Batinich*, Case No. CV 18-1147 (JRT/TNL), 2018 WL 3621036, at *2, n.2 (D. Minn. July 30, 2018).  While this is a well settled rule, the Court found no standard typically applied when deciding a motion to delay the due date of a responsive pleading based on a pending § 1404(a) motion.

Under Federal Rule of Civil Procedure 6(b), the Court may extend time upon a showing of good cause if the request for extension is made before the original time to act has expired; or, after the time has expired upon a showing of excusable neglect.  Here, Defendant filed its Motion before the time to file its responsive pleading expired.  "The good cause inquiry focuses primarily on the movant's diligence." *Mendez v. Fiesta Del Norte Home Owners Association*, Case No. 2:15-cv-314, 2016 WL 1643780 at *3 (D. Nev. Apr. 26, 2016).  "Good cause to extend the discovery cutoff exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.*(quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)).

While Defendant meets the diligence requirement, the Court also possesses broad discretion to manage its own docket, which includes the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  The Court must consider the "possible damage" the stay may cause, "the hardship or inequity" that a party may suffer if the case goes forward, and whether a stay would simplify or complicate the issues, proof, and questions of law of the case. *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the Court finds there is no benefit to staying the due date for an answer or responsive pleading.  Staying the initial responsive pleading only delays the commencement of the case to no one's benefit.  Delay, on the other hand, creates the potential for information loss and, potentially, continued patent violations.  If, after the responsive pleading is filed, the parties wish to consider a stay of discovery because of differences in the local patent rules, they may bring that issue to the

Court. Finally, a responsive pleading is unlikely to complicate issues, proof or questions of law of the case as patent law does not differ dramatically across the U.S.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Defer Deadline for Responsive Pleading (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that Defendant shall file a responsive pleading to Plaintiff's Complaint within fourteen (14) days of the date of this Order.

Dated this 31st day of March, 2022.

---
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE