UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAVIN CROSSBOWS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER'S MANUFACTURING COMPANY, INC. d/b/a TENPOINT CROSSBOW TECHNOLOGIES,<br><br>Defendant. | Case No. 2:21-cv-02213-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 23 |

Pending before the Court is Plaintiff Ravin Crossbows, LLC's ("Ravin Crossbows") Motion for Clerk's Entry of Default Against Defendant Hunter's Manufacturing Company, Inc. d/b/a Tenpoint Crossbow Technologies ("Tenpoint"). ECF No. 23. The Motion for Default is moot.

On January 18, 2022, Tenpoint filed a Motion to Defer Deadline for Responsive Pleading. ECF No. 19. Tenpoint's Motion sought to stay the due date for its responsive pleading to Ravin Crossbows' Complaint until the Motion to Transfer Venue is decided by the Court. *Id.* On March 31, 2022, the Court entered an Order denying Tenpoint's Motion to Defer Deadline finding no benefit that would arise from the stay sought. ECF No. 30. The Court Ordered Tenpoint to file a responsive pleading within fourteen days of the date of the March Order. *Id*. On April 14, 2022, Tenpoint filed an Answer to Ravin Crossbows' Complaint. ECF No. 31. Given these facts, there is no basis upon which the Court finds entering default against Tenpoint is justified.

Accordingly, IT IS HEREBY RECOMMENDED that Ravin Crossbows, LLC's Motion for Clerk's Entry of Default Against Defendant Hunter's Manufacturing Company, Inc. d/b/a Tenpoint Crossbow Technologies (ECF No. 23) be DENIED as moot.

Dated this 18th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).