# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAVIN CROSSBOWS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cv-02213-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| HUNTER'S MANUFACTURING | ) | |
| COMPANY, INC. D/B/A TENPOINT | ) | |
| CROSSBOW TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Hunter's Manufacturing Company, Inc.'s ("Defendant's") Motion to Change Venue, (ECF No. 17). Plaintiff Ravin Crossbows, LLC ("Plaintiff") filed a Response, (ECF No. 21), to which Defendants filed a Reply, (ECF No. 24).

Further pending before the Court is Plaintiff's Motion for Leave to File Sur-Reply, (ECF No. 26), in response to Defendant's Reply to the Motion to Change Venue, to which Defendant filed a Response, (ECF No. 29).

Also pending before the Court is Defendant's Motion to Stay, (ECF No. 48). Plaintiff filed a Response,[1] (ECF No. 49), and Defendant filed a Reply, (ECF No. 51).

Further pending before the Court is Defendant's Motion for Leave to File Supplemental Authority, (ECF No. 58), to its Motion to Stay, to which Plaintiff filed a Response, (ECF No. 59).

Also pending before the Court is Defendant's Motion for Leave to File Excess Pages, (ECF No. 53), to its Responsive Claim Construction Brief. Plaintiff filed a Response, (ECF No. 54), and Defendant filed a Reply, (ECF No. 55).

---

[1] Plaintiff later filed an Errata to its Response, (ECF No. 52), to Defendant's Motion to Stay.

Finally, further pending before the Court is Defendant's Motion to Amend, (ECF No. 69), the Court's Order on Discovery Plan and Scheduling Order, to which Plaintiff filed a Response, (ECF No. 70).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Change Venue and Plaintiff's Motion for Leave to File Sur-Reply[2] and **DENIES as moot** Defendant's Motion to Stay, Motion for Leave to File Supplemental Authority, Motion for Leave to File Excess Pages, and Motion to Amend.[3]

## I.   BACKGROUND

This case arises from a patent infringement dispute between the parties' crossbow products.  Plaintiff is a Wisconsin limited liability company with its principal place of business in Superior, Wisconsin. (Compl. ¶ 1, ECF No. 1).  It designs, develops, manufactures, markets, and sells crossbows and crossbow products for various purposes. (*Id.*).  Defendant is a Nevada corporation with its principal place of business in Mogadore, Ohio. (*Id.* ¶ 2).  It also manufactures and sells crossbows. (*Id.*).  Plaintiff alleges that Defendant uses its inventions, such as its HeliCoil® technology, in their crossbows without Plaintiff's consent. (*Id.* ¶¶ 20–39).

Being that Defendant's principal place of business is in Mogadore, Ohio, Defendant moves to transfer this case to the Eastern Division of the United States District Court for the Northern District of Ohio ("Eastern Division of Northern Ohio"). (*See generally* Mot. Change Venue ("MCV"), ECF No. 17).

---

[2] "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g).  "[T]he Court will only find good cause exists to allow . . . supplemental briefing if the proposed briefing will make a substantive difference." *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-cv-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019) (citation omitted).  The Court finds the contents of Plaintiff's Sur-Reply make a substantive difference, particularly in demonstrating the little relevance a previously litigated case in Ohio has in this decision.  Accordingly, the Court GRANTS Plaintiff's Motion for Leave to File Sur-Reply.

[3] As the Court grants Defendant's Motion to Change Venue, it DENIES as moot Defendant's Motion to Stay, (ECF No. 48), Motion for Leave to File Excess Pages, (ECF No. 53), Motion for Leave to File Supplemental Authority, (ECF No. 58), and Motion to Amend, (ECF No. 69).

1    II.    **LEGAL STANDARD**

2          The parties disagree on the legal standard the Court should use to rule on the instant

3    Motion.  Plaintiff contends Defendant uses factors to argue for transfer that do not comport

4    with this Circuit's standard set forth in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99

5    (9th Cir. 2000). (Resp. MCV 4:14–5:12, ECF No. 21).  Defendant responds that it relied on

6    factors set forth by the Supreme Court in *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49,

7    62 n.6 (2013), and Plaintiff does not explain how those factors contradict this Circuit's

8    standard. (Reply MCV 2:12–24).

9          Both the Supreme Court and Ninth Circuit note that a court addressing a motion to

10   change venue may consider any number of factors relevant to transfer. *See Atl. Marine Const.*

11   *Co.*, 571 U.S. at 62 n.6; *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087

12   (9th Cir. 2018).  Pursuant to that, the Supreme Court has not overruled this Circuit's use of the

13   *Jones* factors.  Thus, this Court will apply the *Jones* factors to address the instant Motion.  To

14   the extent that Defendant proposes factors not enumerated in *Jones* but that are still relevant to

15   transfer, it will consider them as well.

16         With that, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in

17   the interest of justice, a district court may transfer any civil action to any other district or

18   division where it might have been brought."  A motion to transfer lies within the broad

19   discretion of the district court, and is determined on an "individualized, case-by-case

20   consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

21   (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "The statute has two

22   requirements on its face: (1) that the district to which defendants seek to have the action

23   transferred is one in which the action might have been brought, and (2) that the transfer be for

24   the convenience of parties and witnesses, and in the interest of justice." *Operation: £Heroes,*

25   *Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1111 (D. Nev. 2012) (citing

*Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (citation and quotation marks omitted)).

The case-by-case approach has led courts to balance several factors in determining if transfer is appropriate.  Although the relevant factors vary with facts of specific cases, *see Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N. D. Cal. 2001), the following factors are generally considered in a transfer motion:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.  The movant bears the burden of showing that transfer is appropriate. *Operation: £Heroes, Ltd.*, 903 F.Supp.2d at 1111.

## III.   **DISCUSSION**

Defendant argues the Court should transfer this matter to the Eastern Division of Northern Ohio for the convenience of the parties. (*See generally* MCV).  Plaintiff opposes, arguing transfer is only more convenient for Defendant and not the parties in general. (Resp. MCV 1:23–27).  The Court turns its attention to the first requirement of 28 U.S.C. § 1404(a).

First, both parties agree that this action "might have been brought" in the Eastern Division of Northern Ohio. (*See* MCV 4:7–5:2); (Resp. MCV 4:2–12).  The parties are correct, venue is proper in the Eastern Division of Northern Ohio because Defendant's principal place of business is within the jurisdiction of said Division. (*See* MCV 4:8–10); (Resp. MCV 4:3–4).

Next, the Court considers whether the transfer is being made for "the convenience of parties and witnesses, and in the interest of justice" by turning to the *Jones* factors.  The first two factors are neutral because: (1) this case does not implicate any agreement between the

parties; and (2) Plaintiff's claims arise under federal law, therefore, both this District and the Eastern Division of Northern Ohio are familiar with the governing law. (*See* Compl. ¶ 3); *Nanografix Corp. v. Pollard Banknote Ltd.*, No. CV 18-6735-GW(RAOx), 2019 WL 2240439, at *8 (C.D. Cal. Feb. 28, 2019) ("In general, federal courts are equally familiar (or unfamiliar) with federal patent law.").

Under the third factor, courts generally provide "significant weight to a plaintiff's forum choice." *Taylor v. United States Dep't of Agric.*, No. 2:22-cv-00435-APG-BNW, 2023 WL 136287, at *2 (D. Nev. Jan. 7, 2023); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "A plaintiff's choice of forum is entitled to less deference, however, when the plaintiff elects to pursue a case outside its home forum." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009). Here, Plaintiff is not a citizen of this forum. As a result, although this factor weighs against transfer to the Eastern Division of Northern Ohio, the Court accords it little weight. *See Nanografix Corp.*, 2019 WL 2240439, at *4.

The fourth *Jones* factor relates to the respective parties' contacts with the forum. *Jones*, 211 F.3d at 498. When "at least some of the events giving rise to this lawsuit occurred in [the plaintiff's choice of forum], all parties have contact with [that forum]." *Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1113. This factor counsels against transfer because taken collectively, the parties' contacts in this District are more significant than those in the Eastern Division of Northern Ohio. For example, Defendant is incorporated and resides within Nevada. (Resp. MCV 7:19–20); (Compl. ¶ 2); (Answer ¶ 2, ECF No. 31). Next, Defendant transacts business in Nevada, including selling its products through several retailers in the State. (*See* Compl. ¶ 4) (citing TenPoint, *U.S. Dealers*, https://www.tenpointcrossbows.com/dealers/ (last visited December 12, 2021)). Finally, both parties advertise their respective products in several tradeshows in Las Vegas, Nevada. (Resp. MCV 7:24–8:18).

In contrast, visiting the same website Plaintiff offers in its Response demonstrates Defendant sells its products through retailers in Ohio as well. TenPoint, *U.S. Dealers*, https://www.tenpointcrossbows.com/dealers/ (last visited March 17, 2023).  In addition, Defendant designs, makes, and holds marketing and sales decisions about its products in Ohio. (MCV 9:16–19).  Lastly, Plaintiff states that it not only advertises its products within this District, but also across the country. (Resp. MCV 8:25–27).  Despite this, Defendant's incorporation in Nevada tips the scales in favor of finding this factor weighs against transfer. *See Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-cv-01995-GMN-CWH, 2016 WL 1170985, at *5 (D. Nev. Mar. 23, 2016) (finding the fourth *Jones* factor weighed slightly in favor against transfer because at least one party was incorporated in Nevada); *Duramed Pharms., Inc. v. Watson Lab'ys, Inc.*, 2008 WL 5232908, at *3 (D. Nev. Dec. 12, 2008) (same); *Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1113.

Next, the fifth *Jones* factor—the contacts relating to Plaintiff's cause of action in the chosen forum—is neutral.  As discussed above, Defendant transacts business in Nevada and Ohio, it advertises its products in Nevada, and designs, makes, and holds major decisions regarding its business in Ohio.  Thus, its connections relate to both Nevada and Ohio. However, the parties' contacts to Nevada are attenuated at best.  For instance, although Plaintiff states it advertises its products in Nevada, it also asserts that it advertises, manufactures, and sells its products, across the country. (*Id.* 8:25–27).  In addition, Plaintiff asserts it "filed its Complaint in this District because [Defendant] is incorporated in the State of Nevada." (*See* Resp. MCV 1:17–18).  Put another way, significant connections between Nevada and the events that gave rise to this action are not apparent, and thus, this factor has a neutral effect on this analysis. *Cf. Nanografix Corp.*, 2019 WL 2240439, at *8 ("While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if

///

1  there are significant connections between a particular venue and the events that gave rise to a

2  suit, this factor should be weighed in that venue's favor.").

3        The sixth factor not only weighs the differences in cost of litigation in the two forums

4  but also the convenience of litigating in the transferee forum for potential witnesses. *See*

5  *Operation: £Heroes, Ltd.*, 903 F. Supp. 2d at 1114.  Here, Defendants contend litigating this

6  matter in the Eastern Division of Northern Ohio is more convenient because: (1) its counsel and

7  nine of its potential witnesses work and reside there, and (2) the Division is "considerably

8  closer to [Plaintiff's] home in Wisconsin." (MCV 6:5–7:23, 8:6–17).  Defendant argues the cost

9  of travel for Defendant's potential witnesses to this District would likely be much greater. (*Id.*

10 6:23–26).  Plaintiff concedes the cost to litigate in the Eastern Division of Northern Ohio favors

11 transfer.[4] (Resp. MCV 9:14–15).  Thus, that most potential witnesses reside within the Eastern

12 Division of Northern Ohio, or at least are closer to said Division, weighs in favor of transfer.

13        Seventh, federal courts can compel a witness to testify "within the state where the person

14 resides, is employed, or regularly transacts business in person, if the person (i) is a party or a

15 party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

16 Fed. R. Civ. P. 45(c)(1)(B).  As stated above, the witnesses likely reside outside of this District.

17 (MCV 6:5–7:23).  In fact, most seem to either work and reside within the Eastern Division of

18 Northern Ohio or are closer to said Division than this District. (*Id.* 6:5–7:23, 8:6–17).

19 Assuming this is true, the Eastern Division can likely compel most witnesses to testify in this

20 case, whereas this District would not.  Thus, this factor counsels in favor of transfer.

21 ///

22

23

24 [4] Plaintiff caveats this by contending that litigating in the Eastern Division of Northern Ohio will not significantly reduce its costs of litigation in part because traveling from its headquarters in Superior, Wisconsin to the Eastern Division of Northern Ohio would require more than 12 hours of one-way travel by car. (Resp.

25 MCV 9:21–10:1).  However, as Defendant correctly points out, it would take 27 hours of one-way travel by car from the Eastern Division of Northern Ohio to this District. (Reply MCV 4:25–5:3).  The Court, thus, is unconvinced by Plaintiff's flailing argument.

Finally, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Nanografix Corp.*, 2019 WL 2240439, at *6 (citing *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)); *Thermolife Int'l, LLC v. Vital Pharms., Inc.*, No. CV 14-2449 RSWL (AGRx), 2014 WL 12235190, at *5 (C.D. Cal. Aug. 15, 2014); *Secured Mail Sols., LLC v. Advanced Image Direct, LLC*, No. SACV 12-01090-DOC, 2013 WL 8596579, at *4 (C.D. Cal. Jan. 30, 2013) ("Even in the age of electronic document storage and the Internet, courts favor transfer to the district where relevant documents are physically located.").

Here, Defendants contend all its engineering, technical, and manufacturing records and products prior to shipment are located within the Eastern Division of Northern Ohio. (MCV 5:14–19).  In contrast, Plaintiff does not refute Defendant's potential evidence resides in that Division, nor that its own evidence is not within this District. (*See* Resp. MCV 12:15–13:20). Plaintiff correctly notes, however, that Defendant does not show why transmitting its evidence would be difficult.  As such, this factor weighs in favor of transfer, but only slightly. *See Kida W. Holdings, LLC v. Mercedes–Benz of Laguna Niguel*, No. 3:07-cv-00523, 2008 WL 217043, at *4 (D. Nev. Jan. 18, 2008) ("much of the evidence Defendants cite is easily transported to the District of Nevada and Defendants have not shown that they would be significantly burdened by transporting the documents.").

On balance, the factors weigh in favor of transferring this case to the Eastern Division of Northern Ohio.  Many of the *Jones* factors in this case are in the interests of justice, including judicial economy and the convenience of the parties and witnesses.  Judicial economy supports granting transfer because: (1) the contacts relating to Plaintiff's cause of action in this District are neutralized by the contacts relating to the same in the requested transferee district, (2) almost all the potential witnesses reside in, work in, or are closer to the Eastern Division of

Northern Ohio, and (3) the cost of litigation would likely be lower because the sources of proof and potential witnesses are either located within or closer to the Eastern Division of Northern Ohio.  Although Plaintiff's preferred choice of forum is this District, "there are [no] significant connections between [this District] and the events that gave rise to [the] suit." *Nanografix Corp.*, 2019 WL 2240439, at *8; *see also Allstar Mktg. Grp., LLC*, 666 F. Supp. 2d at 1131 (holding that a plaintiff's choice of forum is shown less deference when it chooses to file an action outside its home forum).  Accordingly, the Court grants Defendant's Motion to Change Venue.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Change Venue, (ECF No.17), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply, (ECF No. 26), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay, (ECF No. 48), Motion for Leave to File Excess Pages, (ECF No. 53), Motion for Leave to File Supplemental Authority, (ECF No. 58), and Motion to Amend, (ECF No. 69), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **TRANSFER THIS CASE** to the United States District Court for the District of Northern Ohio, Eastern Division, under 28 U.S.C. § 1404(a), and close this case.

**DATED** this  17  day of March, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court